IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:24-cr-118-ECM |
| | ) | [WO] |
| WAYLON BLAKE GILREATH | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On March 20, 2024, the Government filed a criminal complaint asserting that the Defendant possessed an unregistered destructive device in violation of 26 U.S.C. § 5861(d). (Doc. 1). The alleged destructive devices were contained in four pill bottles which law enforcement officers uncovered during a search of the Defendant's vehicle. The Government filed a motion for detention (doc. 4), and Chief United States Magistrate Judge Stephen Doyle held a detention hearing on March 28, 2024. The Magistrate Judge granted the Government's motion and entered a written order of detention on April 1, 2024. (Doc. 16).

Now pending before the Court is the Defendant's motion to review and reverse detention order (doc. 27) filed on April 15, 2024. The Government opposes the Defendant's motion. (Doc. 29). The Court has independently reviewed the proceedings before the Magistrate Judge, including the transcript of the detention hearing, the evidence presented, the Order of Detention (doc. 16), and the parties' submissions. Upon careful consideration, and for the reasons that follow, the Court concludes that the Defendant's

1

motion is due to be denied without a hearing.

## II. JURISDICTION AND LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), a defendant who has been ordered detained pending trial may move the court with original jurisdiction over the offense to revoke or amend the detention order. In considering such a motion, the district court must undertake an independent, *de novo* review of the case. *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988).

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court takes into account several factors, including: (1) the nature and circumstances of the offense charged, including whether the offense involves a destructive device; (2) the weight of the evidence against the defendant; and (3) the defendant's history and characteristics, including their community ties and "record concerning appearance at court proceedings." 18 U.S.C. § 3142(g).

## III. DISCUSSION

The Court has carefully reviewed the transcript of the detention hearing, the evidence presented, the Magistrate Judge's detention order, and the parties' arguments. The Court adopts the Magistrate Judge's factual findings and legal conclusions, with additional findings set out below.

In granting the Government's motion for detention, the Magistrate Judge found that the Government had proven, by clear and convincing evidence, that "no condition or

combination of conditions will reasonably assure . . . the safety of any other person and the community." (Doc. 16 at 3) (quoting 18 U.S.C. § 3142(e)(1)).  The Magistrate Judge also found that the Government had proven, by a preponderance of the evidence, that there are no conditions or combination of conditions that will ensure the Defendant's presence at trial should he be released on bond. (*Id.*).

### A.  The Defendant's Appearance and Risk of Flight

Regarding assuring the Defendant's presence at trial and the risk of his nonappearance, the Magistrate Judge cited the Defendant's prior failure to abide by the Montgomery County Circuit Court's order to appear at a hearing in his divorce case and the Defendant's lack of ties to the Middle District of Alabama. (*Id.* at 2).  In the instant motion, the Defendant downplays the significance of his failure to appear at a "singular" hearing in his divorce case, and he further disputes that he lacks ties to the Middle District of Alabama because his minor child lives in the Middle District and he co-owns a residence here. (Doc. 27 at 9).  He notes that he lives only a couple of hours away and that his inability to work due to his disability means he lacks the resources to flee.

The Court agrees with the Magistrate Judge's findings and conclusion that the Government met its burden of proving, by a preponderance of the evidence, that there are no conditions or combination of conditions that will reasonably assure the Defendant's presence at trial should he be released on bond. *See King*, 849 F.2d at 489 & n.3 (explaining that the government must prove that the defendant poses a risk of flight by a preponderance of the evidence).  Like the Magistrate Judge, this Court is troubled by and finds significant

3

that the Defendant previously failed to abide by a court's order to appear at a hearing. Neither the fact that it happened only once nor that it was a hearing in his divorce case alters the significance of this event in the Court's assessment of whether the Defendant's appearance at trial can be reasonably assured. *See* 18 U.S.C. § 3142(g)(3).

Additionally, the Defendant appears to construe the Magistrate Judge's detention order as finding that he lacks any ties to the Middle District of Alabama.  The record reveals that the Magistrate Judge heard evidence concerning the Defendant's property in the Middle District and his minor child's residing here; nonetheless, the Magistrate Judge found those ties insufficient in light of the other evidence presented.  Moreover, although the Defendant co-owns a residence in the Middle District, the evidence reflects that it is the former marital residence which is currently occupied by the Defendant's estranged wife, and the Defendant resides in Georgia.  This Court finds that the Defendant's prior failure to appear as ordered at a court hearing and his minimal ties to the Middle District of Alabama support the conclusion that no condition or combination of conditions will reasonably assure the Defendant's presence at trial should he be released on bond.  The Court has expressly considered the Defendant's positive evidence and finds it insufficient to alter the Court's conclusion.

**B.  Dangerousness**

Regarding the safety of others—particularly the Defendant's estranged wife—and the community, the Magistrate Judge found that the sheer number of weapons and ammunition in the Defendant's possession and the surrounding circumstances, namely his

4

showing up uninvited to his estranged wife's house late at night, shows that the Defendant poses a danger. The Defendant challenges this conclusion on the grounds that the record lacks evidence that he threatened his wife or anyone else, or that he could have accessed the firearms or detonated the destructive devices. The Defendant also emphasizes his lack of criminal history and the availability of conditions that, according to him, would assure the community's safety.

The Court agrees with the Magistrate Judge's findings and conclusion that the Government has proven, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." (Doc. 16 at 3) (quoting 18 U.S.C. § 3142(e)(1)). The Court shares the Magistrate Judge's concerns regarding the circumstances leading up to the Defendant's arrest. That the Defendant lawfully possessed the firearms and ammunition does not undermine the finding that, based on the totality of the circumstances, the Defendant poses a danger to his estranged wife and the community. *See United States v. Wingo*, 490 F. App'x 189, 191 (11th Cir. 2012) (per curiam) (rejecting the defendant's argument that, because he had never harmed anyone with his weapons and possessed them lawfully for sport and protection, the evidence did not support a dangerousness finding).[1]

In addition to the facts and circumstances cited by the Magistrate Judge, this Court is extremely concerned by the evidence of the Defendant's possession of destructive devices under the circumstances of this case. The evidence adduced at the detention

---

[1] While the Court acknowledges that *Wingo* is nonbinding, the Court finds its analysis persuasive.

hearing reveals that the pill bottles not only contained explosive materials but also that they contained pieces of glass and razor blades. (Doc. 18 at 13).  Officer Jason Baxley testified that "there's only one reason to put any kind of fragmentation glass, metal, or otherwise in . . . anything explosive, and that's to cause harm." (*Id.* at 14).  He further testified that the pieces of glass and metal had the "potential to cause life-threatening injury." (*Id.* at 15).  Although the Defendant claims he was using the destructive devices to scare hogs off his land, the Court finds this claim less than credible given the lack of corroboration and the presence of glass and razor blades in the devices.  The Court finds the Defendant's possession of multiple destructive devices containing glass and razor blades, in addition to his possession of numerous firearms and ammunition, extremely troubling, and the Court concludes that these circumstances further support the Magistrate Judge's findings and conclusion regarding the Defendant's dangerousness.

    The Court acknowledges and has carefully considered the Defendant's positive evidence, including his lack of criminal history and his cooperation with the officers' efforts to arrest him.  The Court has also carefully considered the Defendant's proposed conditions for release.  Upon an independent review of the entire record and the parties' arguments, the Court agrees with and adopts the Magistrate Judge's findings and conclusion that the Government has proven, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." (Doc. 16 at 3) (quoting 18 U.S.C. § 3142(e)(1)).  Additionally, the Court agrees with and adopts the Magistrate Judge's findings and

6

conclusion that the Government has proven, by a preponderance of the evidence, that there are no conditions or combination of conditions that will ensure the Defendant's presence at trial should he be released on bond. (*Id.*).

## IV.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Defendant's motion to reverse the Magistrate Judge's detention order (doc. 27) is DENIED, and the detention order (doc. 16) is AFFIRMED.

Done this 22nd day of April, 2024.

                          /s/ Emily C. Marks
                          EMILY C. MARKS
                          CHIEF UNITED STATES DISTRICT JUDGE