IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:24-cr-118-ECM |
| | ) | [WO] |
| WAYLON BLAKE GILREATH | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Government's motion to continue trial (doc. 46) filed on May 28, 2024. Jury selection and trial are presently set on the term of court commencing on June 17, 2024. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," as well as delays

based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(1)(D), (h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

The Government represents to the Court that a continuance is warranted because on May 13, 2024, the Defendant filed a motion to suppress evidence. (Doc. 46 at 1; *see also* doc. 40). A hearing on the motion is set for June 11, 2024. (*See* doc. 44). The Court agrees with the Government that the six days between the suppression hearing and the current trial setting is insufficient time to fully litigate and resolve the motion to suppress. Additionally, on May 29, 2024, the Court ordered the Defendant to show cause in writing no later than noon on May 31, 2024, why the motion to continue should not be granted. (Doc. 47). The Defendant did not respond by the deadline, which the Court construes as a lack of opposition to a continuance.

The Court thus finds good cause for a continuance to ensure sufficient time to litigate and resolve the Defendant's motion to suppress prior to trial. Moreover, to the extent a continuance would result in the trial being set beyond the date provided by the Speedy Trial Act, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the motion to continue (doc. 46) is GRANTED, and jury selection and trial are CONTINUED from June 17, 2024, to the criminal term of court set to commence on **September 23, 2024 at 10:00 a.m.** in **Montgomery**, Alabama.   All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the September trial term.

Done this 31st day of May, 2024.

                                        /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE