IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:24-cr-118-ECM |
| | ) | [WO] |
| WAYLON BLAKE GILREATH, SR. | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Waylon Blake Gilreath, Sr. ("Gilreath") is charged in a one-count indictment with possession of an unregistered NFA firearm in violation of 26 U.S.C. § 5861(d). (Doc. 22). On May 13, 2024, Gilreath filed a motion to suppress "all tangible and testimonial evidence recovered as a result of his unlawful arrest and search of his vehicle." (Doc. 40 at 1). At the evidentiary hearing on the motion to suppress, the Magistrate Judge heard testimony from Sergeant Roy Foster ("Sergeant Foster") and Deputy Skylar Campbell of the Montgomery County Sheriff's Office.

After the evidentiary hearing, the Magistrate Judge found that, when Sergeant Foster initially arrested Gilreath for violating a Protection from Abuse Order ("PFA") issued in favor of Gilreath's estranged wife, Sergeant Foster acted in good faith reliance on information he had received from dispatch, and therefore the exclusionary rule should not apply. (Doc. 86 at 21–23). The Magistrate Judge further concluded that law enforcement conducted a permissible inventory search of Gilreath's car pursuant to Montgomery County Sheriff's Office policy. Additionally, the Magistrate Judge found that, although probable cause to arrest Gilreath for violating the PFA evaporated once Gilreath's estranged wife produced an order showing that the PFA had been vacated, law enforcement

nonetheless had probable cause to believe that Gilreath possessed an illegal explosive device based on their discovery of items in Gilreath's car pursuant to the inventory search. The Magistrate Judge also found that, although Gilreath was subjected to a custodial interrogation and was not properly read *Miranda*[1] warnings, the public safety exception applied, and thus Gilreath's statements during the interrogation should not be suppressed. Thus, the Magistrate Judge recommended that the Court deny the motion to suppress. (Doc. 86).

On August 25, 2024, Gilreath filed objections to the Magistrate Judge's Recommendation. (Doc. 99). Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the Magistrate Judge, and for the reasons that follow, the Court concludes that Gilreath's objections are due to be overruled, the Magistrate Judge's Recommendation is due to be adopted, and the motion to suppress is due to be denied.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b)(3). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). "[A]lthough *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court has conducted a complete and careful review of the record in this case, including the transcript of the suppression hearing. It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Defendant objects. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b)(3).

## DISCUSSION

The Magistrate Judge provided a thorough recitation of the relevant facts in her Recommendation. Consequently, a summary of the facts related to the motion to suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact.

To the extent Gilreath proffers general or conclusory objections, or merely restates arguments previously made to the Magistrate Judge, those objections are due to be reviewed for clear error and due to be overruled.

Gilreath specifically objects to the Magistrate Judge's reliance on the United States Supreme Court's decision in *Arizona v. Evans*, 514 U.S. 1 (1995), in support of the Magistrate Judge's conclusion that Sergeant Foster reasonably relied on information from dispatch that the PFA was in effect when he initially arrested Gilreath. Gilreath argues

3

that this case is distinguishable from *Evans* because here, Sergeant Foster did not solely rely on information from dispatch but instead ignored information from Gilreath's estranged wife that the PFA was dismissed and not in effect, which was corroborated by Gilreath. The Magistrate Judge previously considered and rejected this argument in her well-reasoned Recommendation. While Gilreath's objection reflects a disagreement with the Magistrate Judge's conclusion, he fails to establish that the Magistrate Judge erred in concluding that Sergeant Foster's conduct was not sufficiently deliberate and culpable to warrant application of the exclusionary rule. (*See* doc. 86 at 22–23) (citing *Herring v. United States*, 555 U.S. 135, 144, 146 (2009)). Consequently, this objection is due to be overruled.

Upon an independent and *de novo* review of the record, the Court agrees with the Magistrate Judge's thorough and well-reasoned Recommendation and concludes that Gilreath's objections are due to be overruled, the Recommendation is due to be adopted, and the motion to suppress is due to be denied.

## CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows that:

1. The Defendant's objections (doc. 99) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 86) is ADOPTED; and

3. The Defendant's motion to suppress (doc. 40) is DENIED.

Done this 29th day of August, 2024.

                                    /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE